## NORTH BROS. MFG. CO. v. McCARTY.

### (Circuit Court, S. D. New York. July 23, 1900.)

PATENTS—INFRINGEMENT—ICE PICK.

> The Albrecht patent, No. 296,501, for an ice-chipping tool, was not anticipated, and is valid. Also *held* infringed as to claim 2.

In Equity. Final hearing upon pleadings and proofs of a suit for infringement of United States letters patent No. 296,501, to Hermann Albrecht, April 8, 1884, for an ice-chipping tool.

Chas. Howson, for complainant.
Clarence E. Mehlhof, for defendant.

LACOMBE, Circuit Judge. The object of the invention is the production of an implement, operated by hand, to chip small pieces from blocks of ice, without pulverizing the same, the fragments broken off approximating to uniformity in size. Its principal utility, as shown by the evidence, is in connection with the freezing of ice cream, it being desirable that the ice should be broken into lumps of a size which will fit conveniently between the metal freezer and the tub, and that such breaking be accomplished with as little waste as possible. Prior to the invention of this tool the ordinary plan of preparing ice for such use was to pound the mass of ice with a hatchet or similar implement, the ice being within a bag, or in a box, or the like. The result of this operation was the pounding of the ice into a great many fragments, large and small, and a great waste of material.

The patentee's ice pick, which is shown in the accompanying diagrams, consists of three main parts, "namely, the guard, A, preferably

made of cast iron, and the handle, B, and blade, D, secured to the guard, the latter being composed of the bar, a, and the pendent flange, b, which, for economical reasons, is generally cast in one piece with the bar. An opening, d, of the character best observed in Fig. 3, extends through this flange, which is strengthened at the edges by ribs, c, c, and the flange is preferably curved outward at and near its lower edge, as shown in Fig. 1. The blade is secured to the front edge of the bar, a, and has a number of sharp cutting teeth, e,—four in the present instance. In using the implement it is grasped by the handle, and struck forcibly downward, so that the chipping teeth will be brought into violent contact with the block of ice at a distance from the edge of the block determined by the distance between the flange, b, of the guard, and the blade, D, fragments approximating to uniformity in size being thus chipped from the block without pulverizing the ice; and these fragments, or the greater portion of them, passing through the opening, d, of the guard, and being directed by the flange, b, onto a tray or into a bowl or other suitable receptacle."

The claims are:

"(1) An ice pick in which a guard, A, handle, B, and blade, D, provided with one or more chipping teeth, are combined substantially in the manner set forth, (2) The combination of the guard, A, having an opening, d, and curved flange, b, with the handle, B, and blade, D, attached to the guard substantially as set forth."

The evidence shows that the so-called "guard" not only acts as a gauge to measure the sizes of the pieces removed, but also that part of it which extends below the blade, and, as the tool descends, bears against the side or edge of the block of ice, serves an important purpose as a guide to direct the blow, so that it shall be delivered at the desired distance from the edge of the block of ice with certainty, and without requiring any special care or skill on the part of the operator, or interfering with the freedom and force of the blow. In a general way the principle of the tool is that of the carpenter's plane, but it is arranged to strip off pieces of comparative thickness, instead of mere shavings; and it is operated in a different manner, so that the depending flange, operating as a guide, makes its manipulation successful, whereas in the plane no such guide is needed or found. A number of prior patents are presented,—ice planes, ice shaver, vegetable cutters, and an ice pick. None of them anticipate, nor do they disclose such a state of the art as to deprive the device of all claim to patentable invention. The device is simple, and the invention narrow, but, in view of the fact that it is manifestly useful, and that defendant, a newcomer, is apparently the only infringer during 16 years of the life of this patent, I am inclined to sustain the validity of the second claim. The first is too broad, unless elements are read into it which will make it substantially the same as the second. The defendant's tool is a lighter implement, more cheaply made, with its blade set at a slightly different angle. Apparently it is not so efficient, but it copies the patent so closely that infringement seems clear. Complainant may take the usual decree.